117 N.J. Super. 524 (1971)
285 A.2d 242
JOSEPH FELICETTA, SR. AND JOSEPH FELICETTA, JR., PLAINTIFFS-APPELLANTS,
v.
COMMERCIAL UNION INSURANCE COMPANY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1971.
Decided December 10, 1971.
*525 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Osie M. Silber argued the cause for appellants (Messrs. Silber and Silber, attorneys).
Mr. Thomas M. Guiney argued the cause for respondents (Mr. Louis Ruprecht on the brief; Messrs. DeYoe, DeYoe & Guiney, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
Plaintiff-insureds appeal the propriety of the trial court's disallowance of counsel fees. The issue was raised on motion in plaintiffs' declaratory judgment action brought to determine the validity of disclaimers of liability under three automobile insurance policies. Specifically *526 involved was the question whether a 1967 Pontiac GTO, registered in the name of plaintiff Joseph Felicetta, Sr. and operated by his son, Joseph Felicetta, Jr., was covered by liability insurance when it was involved in a serious automobile accident on October 23, 1967.
Defendant Commercial Union Insurance Company had issued two of the insurance policies to Felicetta, Sr.: (1) a family combination automobile policy on a 1960 Ford station wagon, and (2) a preferred risk reduced premium policy on the Pontiac. The latter policy was issued a few hours before the accident and listed Felicetta, Sr. as the sole operator. Twelve days before the accident another insurance carrier, Nationwide Mutual Insurance Company, had issued to Felicetta, Jr. an assigned risk policy on the 1960 Ford station wagon. Felicetta, Sr. had that month transferred title to the Ford to his son Felicetta, Jr.
Both companies denied coverage under the policies and refused to defend plaintiffs in the actions brought against them by the persons injured. Plaintiffs therefore retained counsel, who defended the actions.
The trial court found in favor of both defendants in the declaratory judgment action on all three policies. This court reversed in an unreported opinion, holding that coverage existed under the family policy. Thereupon plaintiffs moved to assess fees in their favor against Commercial for the services rendered in the defense of the personal injury actions against them, and also for counsel fees in connection with the declaratory judgment action. The trial court, by order dated January 4, 1971, allowed fees for services rendered in defense of the personal injury actions but refused to make an allowance on the declaratory judgment action. The trial judge also indicated that even if he had the power to award a counsel fee, he would have declined to do so under the circumstances of this case. The present appeal is from that action.
At the time the trial court decided the question of counsel fees there existed no statute or rule of court specifically *527 authorizing the making of an allowance in such a case. Therefore the trial court's determination would appear to be correct in view of the Supreme Court's decision in Gerhardt v. Continental Insurance Cos., 48 N.J. 291 (1966).
Plaintiffs argue, however, that whether or not Gerhardt is controlling, they are entitled to the allowance of fees in this case by virtue of the amendment to R. 4:42-9, adopted six months after the decision of the trial court. That amended rule, which became effective September 13, 1971, provides in pertinent part as follows:

4:42-9. Counsel Fees
(a) Actions In Which Fee Is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except

* * * * * * * *
(6) In an action upon a liability or indemnity policy of insurance, in favor of a successful claimant.

* * * * * * * *
Plaintiffs' thesis is that the amendment should be given retrospective effect because the rule, being procedural in nature, should be applied in cases which antedate its promulgation. In support of this proposition, they rely upon Feuchtbaum v. Constantini, 59 N.J. 167, 172 (1971), where the court, in speaking of another rule (R. 4:4-4(i)), noted that "The rule is purely procedural. Procedural statutes and rules of court are given retrospective application if vested rights are not thereby disturbed." In view of our conclusion on the merits of the application, we deem it unnecessary to decide whether a change in the rules permitting the allowance of counsel fees constitutes such a disturbance of vested rights as to preclude the retrospective application of this amendment. Nor do we deem it necessary to decide whether this court should give retrospective application to a rule which did not exist when the trial court made its otherwise correct decision. See State v. Otis Elevator Co., 12 N.J. 1 (1953).
*528 Without the rule the court lacked authority to award counsel fees. Gerhardt v. Continental Insurance Cos., supra. The amended rule now confers the power to do so. However, it does not mandate the allowance of counsel fees in every action upon a liability insurance policy, irrespective of the circumstances. We interpret the amendment to authorize an allowance in a proper case but to repose in the trial court a discretion as to when and under what circumstances an allowance would be proper. Sarner v. Sarner, 38 N.J. 463 (1962), quoting Liberty Title & Trust Co. v. Plews, 6 N.J. 28 (1950).
One purpose of the amendment to the rule permitting an allowance in a case of this kind was to discourage groundless disclaimers by assessing against the insurers expenses incurred by their assureds in enforcing coverage. That purpose would not be served by making an award to assureds whose deceitful conduct contributed in a substantial measure to the insurance company's action.
We observe that throughout the trial court argument on the application for fees plaintiffs' counsel accused defendant of bad faith and urged the making of an award as an appropriate sanction and protection against such bad faith. Defendant contended that if there was bad faith in this case, it arose from plaintiffs' conduct. Judge Trautwein's comments on these opposing contentions are pertinent:
* * * I don't know whether it is necessary or not but I have looked over this matter quite carefully and I suppose the record should show this, that this is not the type of case where an exception should be made of the prevailing rule that there will be no counsel fees in declaratory judgment actions. I don't find from an examination of the file that there has been a demonstration of bad faith or some kind of reprehensible conduct. On the contrary, I find myself quite in agreement with Mr. Guiney [counsel for defendant-respondent] as to his analysis of that faith and misrepresentation and I think any careful examination of that file will corroborate what Mr. Guiney has suggested and what I find.
When this court determined the coverage question under the various policies we concluded that (1) Felicetta, Sr. had *529 a sufficient ownership in the Pontiac, involved in the accident, as to require that protection be extended to him under the family policy, and (2) such protection was not lost by reason of a policy provision excluding coverage of replacement vehicles. We held that coverage existed despite the company's claim that the insured, in later applying for the Cunypac policy, "was engaged in a scheme to procure maximum protection at a minimum charge by concealing his son's ownership and operation of the Pontiac." With respect to that policy  issued by defendant Commercial to Felicetta, Sr. only a few hours before the accident  we concluded that "the credible evidence fully supports the trial court's finding that Felicetta Sr.'s application for the Cunypac policy contained material misrepresentations upon which Commercial relied and but for which the policy would not have issued." The assigned risk policy covering Felicetta, Jr.'s operation of the Ford provided that coverage did not extend "to any [other] automobile owned by or furnished for regular use of the named insured." We affirmed the judgment in favor of Nationwide on the ground that the evidence fully supported the findings of the trial court that "the Pontiac was at least furnished for the regular use of Felicetta, Jr. at the time of the accident."
In this case, while the record revealed evidence reflecting seriously on the probity of the assureds' conduct in procuring the various insurance policies, we concluded that such circumstances could not serve to deprive the assureds of the legal rights they had contracted for under one of those policies. It does not follow, as the assureds maintain, that such circumstances bear no relevance to their further claim to a counsel fee. In pressing such a claim, assureds seek more than the mere vindication of their strict legal rights. They invoke the exercise of a judicial discretion in which considerations of an equitable character are weighed. Therefore, the trial court, in this exercise of discretion, properly took cognizance of the assureds' course of conduct with respect to the procurement of the policies and its effect *530 in contributing substantially to the necessity for the litigation on the three policies.
Our consideration of the entire record, including the detailed findings and written opinion of the trial court in the original declaratory judgment action, and particularly that court's findings with reference to the misrepresentation and the conduct of the insureds, satisfies us that the disallowance of counsel fees to plaintiffs was a proper exercise of discretion grounded on sound equitable principles.
Affirmed.