119 N.J. Super. 570 (1972)
293 A.2d 191
CONTINENTAL NATIONAL AMERICAN GROUP, GEORGE TOMA AND PARKWAY AUTO BODY COMPANY, PLAINTIFFS-RESPONDENTS,
v.
PEDRO PLUDA, PETER MATERA AND NATIONAL UNION INSURANCE COMPANY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 13, 1972.
Decided June 22, 1972.
Before Judges LEWIS, HALPERN and LORA.
Messrs. Bergamino & De Gonge, attorneys for appellants Peter Matera and National Union Insurance Company.
*571 Respondents filed no briefs.
PER CURIAM.
The facts leading up to this suit are amply set forth in the trial court's opinion reported at 115 N.J. Super. 206 and will not be repeated herein. Since the filing of the opinion National Union Insurance Company (N.U.I.) assumed Toma's defense and settled the negligence suits brought by Pluda against Toma and Matera. We are left with the dispute as to primary responsibility between N.U.I., the insurance carrier for Matera, and Continental National American Group (C.N.A.), the insurance carrier for Toma.
The record before the trial court on C.N.A.'s motion for summary judgment, and the record before us, does not contain the policy of insurance issued by N.U.I. to Matera. Through some inadvertence, which we do not understand, the trial court in rendering its decision relied upon and quoted from the exclusionary clause in the C.N.A. policy while referring to the N.U.I. policy. Our problem is compounded by the fact that respondent, for reasons best known to it, has not filed a brief in opposition to this appeal. Nor has appellant seen fit to attach the policy it issued to Matera.
In view of the inadequate record, summary judgment should not have been granted. Anderson v. Sills, 56 N.J. 210, 215 (1970); Jackson v. Muhlenberg Hospital, 53 N.J. 138, 142 (1969).
Reversed and remanded for further proceedings not inconsistent with this opinion.