124 N.J. Super. 598 (1973)
308 A.2d 76
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, PLAINTIFF,
v.
CONSOLIDATED MUTUAL INSURANCE CO., A CORPORATION, AND NEW JERSEY LUMBER & SUPPLY CO., INC., t/a DANNY DO-IT LUMBERAMA, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 9, 1973.
*599 Mr. Peter D. Manahan for plaintiff (Messrs. Hughes, McElroy, Connell, Foley & Geiser, attorneys).
Mr. Gerald Kaplan for defendant Consolidated Mutual Insurance Company (Messrs. Lieb, Teich & Berlin, attorneys).
Mr. Barry F. Zotkow for defendant New Jersey Lumber & Supply Company, Inc., t/a Danny Do-It Lumberama (Messrs. Hirschklau & Wasserman, attorneys).
POLOW, J.C.C., Temporarily Assigned.
On April 5, 1973 an opinion was rendered in this court declaring that an insurance policy issued by plaintiff covered the accident in question. That decision resolved the dispute between two insurance carriers, each having contended that the other carrier covered the particular risk involved. Accordingly, *600 the obligation was imposed upon plaintiff to defend the action for damages at its own expense on behalf of its assured.
The insured also sought to recover its expenses in defending the carrier's declaratory judgment suit to determine which carrier had the obligation to defend the negligence claim. This particular question was not resolved in the written opinion previously rendered and will be dealt with here.
Prior to September 13, 1971 there was no authority in this State to support the award of counsel fees incurred by an assured in an action against his own insurance carrier to enforce his right to be defended and compel coverage, Vornado, Inc. v. Liberty Mut. Ins. Co., 106 N.J. Super. 111 (Ch. Div. 1969); McMinn v. Damurjian, 105 N.J. Super. 132 (Ch. Div. 1969), although there was clear authority to award costs of defending a claim where the insurer had improperly failed or refused to provide the defense. Gerhardt v. Continental Ins. Co., 48 N.J. 291 (1966).
R. 4:42-9, since September 13, 1971, has provided that "no fee for legal services shall be allowed * * * except * * * (6) in an action upon a liability or indemnity policy of insurance, in favor of a successful claimant."
The present rule does not "mandate" the allowance of counsel fees in every such action. Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524 (App. Div. 1971). It rather reposes in the trial court an area of discretion so that under circumstances where the assured may have acted in bad faith and contributed substantially to the necessity for the litigation by reason of misrepresentations, an allowance may be refused. Felicetta, supra, at 529-530.
Absent such bad faith or misrepresentations by the assured, the purposes to be served in adoption of the rule must be examined in exploring the exercise of discretion to award counsel fees against an insurance company. One purpose assuredly was to discourage groundless disclaimers by *601 carriers. Felicetta, supra, at 528. If that were the sole reason for the rule amendment, plaintiff would be well justified in its opposition to imposition of counsel fees since the declaratory judgment in this case recognized the arguability of plaintiff's position and the reasonableness of plaintiff's action in seeking a judicial interpretation of its obligations under the policy.
However, against the background of concern of the bench and bar leading up to consideration and modification of this provision of the rules (See Gerhardt, supra, 48 N.J. at 301), I find that another compelling motivation for this change was the desire of providing more equitably for the assured the benefits bargained for in his contract of insurance without unanticipated expense over and above the premiums paid for insurance protection.
Our courts have long recognized the disparity in the status of the parties to most insurance contracts, not only as to their bargaining positions but with regard to their economic ability to resist disclaimers and contentions of lack of coverage or exclusion. Commentators have long referred to the doctrine of reasonable expectation in interpreting insurance contracts and in the effort to maintain a reasonable balance between the weaker and stronger parties. Kessler, "Contracts of Adhesion," 43 Colum. L. Rev. 629, 637 (1943); Isaacs, "The Standardizing of Contracts," 27 Yale L.J. 34 (1917); Coast Mut. Building-Loan Ass'n v. Security Title Ins. & Guarantee Co., 14 Cal. App.2d 225, 57 P.2d 1392 (Cal. App. 1966); Gray v. Zurich Ins. Co., 65 Cal.2d 263, 54 Cal. Rptr. 104, 419 P.2d 168 (Cal. Sup. Ct. 1966).
There is a certain degree of inherent difficulty in determining when, in particular circumstances, the obligation to defend exists and when any particular risk is or is not covered under the terms of insurance contracts. Before our rule was amended, an insured could be put to the additional expense of prosecuting or defending an action by or against the carrier to compel the protection he claimed existed in *602 the policy, and such expense was not recoverable even if the insured's claim of coverage were vindicated by the courts. Gerhardt, supra. Except in a few specially designated situations, our court rules embrace the view that each litigant should bear his own expenses for counsel fees, even where successful, in the interest of "sound judicial administration". Janovsky v. American Motorists Ins. Co., 11 N.J. 1 (1952).
With the adoption of R. 4:42-9(a)(6), our Supreme Court has now added to those few situations those actions upon liability or indemnity policies in which the claimant is successful. Whether the insurance company had an arguably valid basis for disclaiming is of no significance here. It has been determined that the risk is within the terms of the contract of insurance. Under the provisions of this amended rule the insured is entitled to receive the benefit of his bargain without additional expense for counsel fees to obtain the judicial determination that he, in fact, is entitled to the protection in question.
Counsel fees will be awarded to the insured, defendant New Jersey Lumber & Supply Co., Inc., the successful party against plaintiff New Jersey Manufacturers Insurance Company. An affidavit of services should be submitted accordingly.