136 N.J. Super. 572 (1975)
347 A.2d 371
VINCENT TOOKER, JR., PLAINTIFF, AND ALLSTATE INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, DEFENDANT-APPELLANT, AND JOSEPH PIORKOWSKI AND ELIZABETH ORLANDO, AN INFANT BY HER GUARDIAN AD LITEM, ALEX ORLANDO, AND ALEX ORLANDO, INDIVIDUALLY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1975.
Decided October 24, 1975.
*574 Before Judges HALPERN, CRANE and MICHELS.
Mr. Harry V. Osborne II argued the cause for appellant (Messrs. Evans, Koelzer, Doyle and Marriott, attorneys).
Mr. Michael J. Cernigliaro argued the cause for respondent (Messrs. Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant Hartford Accident and Indemnity Company (Hartford) appeals from that portion of a judgment of the Law Division awarding plaintiff Allstate Insurance Company (Allstate) counsel fees and costs incurred by Allstate in successfully prosecuting a coverage *575 action on behalf of Vincent Tooker, Jr. (Tooker) against Hartford.
Tooker was involved in an automobile accident while driving an automobile owned by Joseph Piorkowski with the permission of Piorkowski's son. When Hartford, which had issued its family automobile liability insurance policy to Piorkowski, refused to defend or indemnify Tooker in connection with a suit instituted against him by his injured passenger, Allstate, which had issued an automobile liability policy to Tooker as its insured, undertook the defense and paid the judgment recovered by the passenger. Allstate and Tooker thereupon instituted a declaratory judgment action to have Tooker declared an additional insured under the Hartford policy. The trial court held that Tooker was not an additional insured under that policy and entered judgment against Allstate and Tooker. On appeal we held that Piorkowski's son was an insured under the omnibus clause of the Hartford policy with implied permission to use the car, thus enabling him to give permission to Tooker, the second permittee; coverage of the Hartford policy was thereby extended to Tooker as an additional insured. We reversed the judgment and remanded the matter to the trial court for the entry of judgment in accordance with our opinion. Tooker v. Hartford Acc. & Indem. Co., 128 N.J. Super. 217, 224 (App. Div. 1974). The trial judge on remand entered judgment in favor of Allstate against Hartford for the amount of the judgment recovered by the passenger against Tooker and awarded Allstate counsel fees and costs incurred in defending that suit, as well as counsel fees and costs incurred in prosecuting the coverage action in the trial court and the Appellate Division, together with interest, aggregating a total award of $9,973.80.
Hartford does not appeal from that portion of the judgment requiring it to reimburse Allstate for the amount of the judgment recovered against Tooker or from the award of counsel fees and costs incurred by Allstate in defending *576 that action. Hartford concedes that Allstate was entitled to recover the expenses incurred in defending the underlying liability action. See National Farm U. Prop. & Cas. Co. v. Farmers Ins. Group, 14 Utah 2d 89, 377 P.2d 786, 787-788 (Sup. Ct. 1963); Continental Nat. Amer. Group v. Pluda, 115 N.J. Super. 206, 210-212 (Law Div. 1971), rev'd on other grounds 119 N.J. Super. 570 (App. Div. 1972); Zurich Ins. Co. v. New Amsterdam Cas. Co., 117 Ga. App. 426, 160 S.E.2d 603, 606 (Ct. App. 1968); Annotation, "Right to subrogation, as against primary insurer, of liability insurer providing secondary insurance," 31 A.L.R.2d 1324 (1953). Cf. Burd v. Sussex Mutual Ins. Co., 56 N.J. 383, 394 (1970). Rather Hartford contends that the trial court lacked the power to award counsel fees and costs incurred by Allstate in prosecuting the coverage action because Allstate was actually the real party in interest in that action and was not a "successful claimant" within the intendment of R. 4:42-9(a) (6), which provides:
(a) Actions in which fee is allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except

* * * * * * * *
(6) in an action upon a liability or indemnity policy of insurance, in favor of a successful claimant.
We are entirely satisfied that the rule applies to all successful claimants, including an excess or secondary carrier which successfully prosecutes a coverage action against the primary carrier when the latter has wrongfully refused to defend its assured. The award of counsel fees and costs in such a case is equitable and just, and accords with the purpose of R. 4:42-9(a) (6) to discourage groundless disclaimers by carriers by assessing against them the expenses incurred in enforcing coverage for their assureds. Cf. Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528 (App. Div. 1971), certif. den. 60 N.J. 141 (1972); N.J. Mfrs. Ins. Co. v. Consolidated, 124 N.J. Super. 598, *577 600-602 (Law Div. 1973). Accordingly, the trial judge had the power under R. 4:42-9(a) (6) to award to Allstate reasonable counsel fees and costs incurred in prosecution of the declaratory judgment action in the trial court.
The trial judge did not mistakenly exercise his discretion by awarding such fees and costs to Allstate even though Hartford may have had an arguable basis for denying coverage, or even though the precise issue involved may have been somewhat novel. Cf. Corcoran v. Hartford Fire Ins. Co., 132 N.J. Super. 245-246 (App. Div. 1975); N.J. Mfrs. Ins. Co. v. Consolidated, supra, 124 N.J. Super. at 602. It seems only fair and proper that the costs incurred by Allstate to compel Hartford to do that which it was legally obligated to do in the first place should fall upon Hartford.
There is also no merit in Hartford's claim that the award of counsel fees and costs pursuant to R. 4:42-9(a) (6) should be disregarded because the judge who made the award did not preside at the original coverage trial. The judge who presided at that trial retired while the appeal from the judgment upholding Hartford's disclaimer was pending. When we reversed the judgment and remanded the matter to the trial court, the judge to whom the matter was then assigned entered judgment pursuant to our order only after he considered the briefs and papers submitted in support of and in opposition to Allstate's motion, including our opinion, and only after oral argument. We are satisfied that in the circumstances the award to Allstate of counsel fee and costs incurred in the trial court was proper, and that there is no basis for us to disregard that ruling or review it any differently than any other discretionary ruling of a trial court.
The claim that Allstate is barred from recovering counsel fees and costs because it failed to demand them in the complaint for declaratory judgment as required by R. 4:5-2 is equally lacking in merit. The complaint was filed *578 prior to the enactment of R. 4:42-9(a)(6), and therefore counsel fees and costs in such cases were not then recoverable as taxed costs. After R. 4:42-9 was amended to include such fees and costs Allstate made claim for the fees and costs incurred in prosecuting the declaratory judgment action as clearly appears from the claim for damages in the pretrial order.
Hartford also contends that the trial judge lacked the power to award counsel fees and costs for the legal services rendered in the Appellate Division. We agree. The application for such allowances should have been made to this court. R. 2:11-4; Sarner v. Sarner, 38 N.J. 463, 471 (1962). Applications relative to costs and allowances of counsel fees are to be made in the court in which the costs accrued or the services claimed for were rendered. See In re Estate of Burke, 48 N.J. 50, 58-59, n. 1 (1966); U.S. Pipe, etc. v. United Steelworkers of America, 37 N.J. 343, 357, n. 1 (1962). Accordingly, the trial judge's allowance of counsel fees and costs to Allstate in prosecuting this action in the Appellate Division is reversed.
However, since the proofs are before us and Hartford did not challenge the reasonableness of the fee, in the interest of justice we treat Allstate's application for such allowances as having been made to the Appellate Division, relaxing the ten day requirement of R. 2:11-4. We hereby award Allstate counsel fees of $1,720 and costs of $237.75, without interest, in connection with the appeal on the coverage action. We also award Allstate counsel fees of $250 and costs to be taxed by the clerk in connection with this appeal.
R. 4:42-9 (a) (6) expressly provides for the allowance of fees for legal services in favor of a successful claimant in an action upon a liability or indemnity policy in the Superior Court, Law and Chancery Divisions, the county courts and the surrogate's courts. Although R. 2:11-4 literally does not provide for the allowance of such fees in the Appellate *579 Division, common sense and fundamental fairness compel the conclusion that the power to make such allowances is reposed in this court as well as the trial courts. Subparagraph (a) (6) was added to R. 4:42-9 in order to discourage groundless disclaimers by carriers by assessing against them the expenses incurred in enforcing coverage. If the power to make such allowances were limited solely to the trial courts, this primary purpose of the counsel fee rule would be thwarted. Clearly, such a result was not intended by the adoption of subparagraph (a) (6), and the failure to include an identical provision in R. 2:11-4 was plainly an oversight.
Accordingly, by way of summary, the judgment of the Law Division awarding Allstate counsel fees and costs incurred in prosecuting the coverage action in the trial court is affirmed. The judgment awarding Allstate counsel fees and costs incurred in prosecuting the appeal thereon in the Appellate Division is reversed. Allstate is awarded counsel fees in the amount of $1,720 and costs in the amount of $237.75, without interest, in connection with the prosecution of the appeal on the coverage action. Additionally, we hereby award counsel fees in the amount of $250, together with costs to be taxed by the clerk, in connection with this appeal.