242 N.J. Super. 164 (1990)
576 A.2d 300
NEW JERSEY GUARANTY ASSOCIATION ON BEHALF OF THE MIDLAND INSURANCE COMPANY IN LIQUIDATION, PLAINTIFF-APPELLANT,
v.
CHRISTINE CIANI, INDIVIDUALLY, AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF DEBRA CIANI, DECEASED, AND AS ADMINISTRATRIX OF THE ESTATE OF DEBRA CIANI, DECEASED, CHARLES CIANI, JR., CHARLES CIANI, SR., INDIVIDUALLY, AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF MARY CIANI, DECEASED AND ADMINISTRATOR OF THE ESTATE OF MARY CIANI, DECEASED; JOHN M. MALINAK, CITY OF EAST RUTHERFORD, CITY OF WALLINGTON, BOARD OF FREEHOLDERS COUNTY OF BERGEN, WALSH TRUCKING CO., OLD LANE BRYANT CLOTHING SHOP AND MAX'S BAR, INC.
TRADING AS PLANKBOARD INN, DEFENDANTS, AND MAX'S BAR & GRILL, INC., T/A THE PLANKBOARD INN, DEFENDANT-RESPONDENT, THIRD-PARTY PLAINTIFF,
v.
GEORGE REINER, WARREN G. REINER & WILLIAM J. ERLICH, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1990.
Decided June 8, 1990.
*166 Before Judges DEIGHAN, R.S. COHEN and BROCHIN.
Mark M. Tallmadge argued the cause for appellant (Bressler, Amery & Ross, attorneys, Richard R. Spencer, Jr. of counsel, Richard R. Spencer, Jr. and Mark M. Tallmadge on the brief).
Donato J. Battista argued the cause for respondent (Cole & Cole, attorneys, Donato J. Battista on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff New Jersey Property-Liability Insurance Guaranty Association (pleaded as New Jersey Guaranty Association) is a non-profit unincorporated entity created by the Legislature, N.J.S.A. 17:30A-1 et seq., to provide a measure of protection for claimants and policy holders in the event of the insolvency of an insurance company. It is financed by assessments against member companies which are ultimately passed on to policy holders. N.J.S.A. 17:30A-8a(3); Sussman v. Ostroff, 232 N.J. Super. 306, 556 A.2d 1301 (App.Div.), certif. den. 117 N.J. 143, 564 A.2d 865 (1989). It manages and administers claims asserted against the insolvent insurer, N.J.S.A. 17:30A-6, -8, and is obligated to the extent of "covered claims." It is deemed the insurer
to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.... [N.J.S.A. 17:30A-8a(2)].
Midland Insurance Company was liquor liability insurer for Max's Bar & Grill, Inc., t/a The Plankboard Inn. Midland became insolvent and the Association succeeded to its liabilities to the extent of covered claims. Max's Bar sought coverage for a liquor law liability claim asserted against it. The Association resisted on the thesis that Max's Bar's policy covered only *167 serving liquor on its licensed premises on Kennedy Boulevard, Jersey City, and not serving liquor at a party it catered elsewhere. It was at the party that a guest allegedly overdrank before causing a fatal accident.
The Association filed this action for a declaratory judgment that the claim asserted against Max's Bar was not covered by the Midland policy and thus not by the Association. After a jury trial, judgment was entered for coverage. That judgment was not appealed. After the trial, however, Max's Bar moved for counsel fees for defending and winning the declaratory judgment coverage suit. Over plaintiff's opposition, the judge ruled that Max's Bar would have been entitled to coverage suit fees from Midland under R. 4:42-9(a)(6), and that the obligation for counsel fees descended to the Association as a "covered claim." As a result, he awarded counsel fees to Max's Bar. The Association appealed; we reverse.
R. 4:42-9(a)(6) permits the court to make an award of counsel fees in "an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." The rule does not require the court to make an award, but rather permits it to do so in its discretion. Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 285 A.2d 242 (App.Div. 1971), certif. den. 60 N.J. 141, 286 A.2d 514 (1972). A party that successfully establishes the right to coverage in an insurer's declaratory judgment action may be entitled to fees. N.J. Manu. Ins. Co. v. Consolidated Mut. Ins. Co., 124 N.J. Super. 598, 308 A.2d 76 (Law Div. 1973). The reason is that the insurer's declaratory judgment action is an action on a policy, and the prevailing insured need not be a plaintiff to be a successful claimant.
The Association relies on a 1979 amendment to the list of statutory exclusions to the definition of covered claims. The amendment excludes "counsel fees for prosecuting suits for claims against the association." L. 1979, c. 448; N.J.S.A. 17:30A-5d. The Law Division judge held that the excluded fees were not those for making claims for coverage but rather those *168 for prosecuting covered tort suits against defendants insured by the insolvent carrier and now covered by plaintiff.
We disagree for two reasons. First is that such suits are not prosecuted against the Association, but rather against alleged tortfeasors. The second reason is that attorneys' fees are not ordinarily awarded to a successful tort claimant. There are theoretical exceptions, but they are insignificant in impact.
There is no reason to believe that the 1979 amendment was prompted by legislative fear of a tort claimant's seeking attorneys' fees from the Association which he could not collect from the tortfeasor or from the defunct insurer. Our view is bolstered by our recent holding that the 1979 amendment did not exclude the counsel fee application of an insured for defending itself against a covered tort claim after the Association wrongfully refused to defend. Farmland v. Property-Liability Ins., 237 N.J. Super. 578, 568 A.2d 579 (App.Div. 1990). The exclusion's inapplicability to the Farmland kind of counsel fee claim leaves it little to deal with if it does not bar counsel fees in coverage suits.
It might be argued that Max's Bar's claim is not excluded because it is not for "prosecuting" a claim against the Association. Yes, it is. Just as R. 4:42-9(a)(6) treats insureds who establish coverage while defending a carrier's declaratory judgment suit as successful claimants, N.J.S.A. 17:30A-5d treats such insureds as parties prosecuting suits for claims against the Association. There is no reason why the Legislature should bar a fee award to an insured who files a third-party complaint or separate coverage suit against the insurer, but authorize a fee to an insured who waits for the insurer to seek a declaratory judgment (and does not counterclaim for coverage).
The final question is whether the statute's prohibition of counsel fees where R. 4:42-9(a)(6) authorizes them is unlawful because it invades the Supreme Court's exclusive constitutional authority to make rules governing the practice and procedure in the courts, subject to law. N.J. Const. (1947) Art. VI, Sec. II, *169 para. 3; Winberry v. Salisbury, 5 N.J. 240, 74 A.2d 406 (1950), cert. den. 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950). We hold that there is no such confrontation here.
The legislation creating the Association and defining its liabilities did not have to be enacted. The Legislature chose to create a measure of relief for policyholders and claimants in the case of insurer insolvency. It did not, however, substitute the Association for the defunct insurer so as to prevent all loss to affected parties. It limited covered claims to $300,000, N.J.S.A. 17:30A-8a(1), and created a 120-day stay to permit Association investigation of claims. N.J.S.A. 17:30A-18. It barred assertion of claims against the Association by reinsurers, subrogees and Workers' Compensation lienholders. Sussman v. Ostroff, 232 N.J. Super. 306, 556 A.2d 1301 (App.Div. 1989). It barred prejudgment interest on covered claims, N.J.S.A. 17:30A-5d; cf. R. 4:42-11(b), and suits for failure of the insolvent insurer to have expeditiously settled claims (see Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 323 A.2d 495 (1974)). We hold that it also barred counsel fees in coverage suits. Clearly the purpose of the Legislature was to conserve limited Association resources to better assure their availability to serve core purposes. That concern is one which deserves judicial recognition and regard. We gain nothing for the judiciary or the interests of justice by insisting on a constitutional confrontation where the Legislature has acted to serve a valid purpose, and has done so without attacking judicial goals.
The authority granted by R. 4:42-9(a)(6) to award counsel fees in policy coverage suits is a discretionary authority, submitted to the court's sound judgment. We hold that, in view of the important legislative purpose of limiting Association liabilities as part of the statutory scheme for relief from insurer insolvency, it is a mistaken exercise of judgment for a court to award counsel fees in policy coverage suits to be paid by the New Jersey Property-Liability Insurance Guaranty Association.
Reversed.