794 A.2d 234

VICEROY EQUITY INTERESTS, LLC, A DELAWARE LIMITED
LIABILITY COMPANY (SUCCESSOR-IN-INTEREST TO SASCO
1997–N1 REO LLC, ALI, INC., AND CRESTMONT FEDERAL
SAVINGS & LOAN ASSOCIATION), PLAINTIFF–APPELLANT,
v. MOUNT HOPE DEVELOPMENT ASSOCIATES, JOHN J.
CALI, ANGELO R. CALI AND EDWARD LESHOWITZ, DEFEN-
DANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 19, 2002—Decided April 9, 2002.

Before Judges Wefing,[1] Ciancia and Parrillo.

*Anthony J. Pasquariello* argued the cause for appellant (*Anthony J. Pasquariello & Associates*, attorneys; *Mr. Pasquariello*, on the brief).

*Peter R. Bray* argued the cause for respondents (*Bray, Chiocca, Rothstadt & Miller*, attorneys; *Mr. Bray*, on the brief).

The opinion of the court was delivered by

CIANCIA, J.A.D.

Plaintiff Viceroy Equity Interests, LLC, appeals from a dismissal of its suit for counsel fees allegedly due it from defendants Mount Hope Development Associates, John J. Cali, Angelo R. Cali, and Edward Leshowitz by virtue of contractual obligation. We find that although plaintiff's claim was improperly brought in the Law Division of Superior Court, and indeed the trial court's rationale was entirely correct, the proper remedy was to transfer the matter to this court pursuant to *R.* 1:13-4 rather than dismiss it with prejudice.

The present claim for attorney's fees arises from litigation initiated by plaintiff's predecessor-in-interest, SASCO 1997 N1, REO LLC (SASCO), against defendants in 1997.[2] The action was on a note and guarantees, the details of which we need not here recount. SASCO was successful in the trial court and was awarded summary judgment on liability with damages set at $714,476.17 plus interest and costs. The damages award included $39,869.46 in attorney's fees. Defendants appealed that judgment to this court (docket number A-5797-85T5) and on November 3, 2000, we

---

[1] Judge Wefing did not participate in oral argument. However, the parties consented to her participation in the decision.

[2] SASCO it appears was, in turn, a successor-in-interest to Crestmont Federal Savings & Loan Association and ALI, Inc.

affirmed the judgment in favor of SASCO substantially for the reasons stated by the trial judge.

The Agreement of Guarantee entered into between plaintiff's predecessor-in-interest and defendants includes the following language:

> In case of any proceedings to collect any liabilities of the Guarantors to the Lender, the Guarantors shall pay all costs and expenses of every kind for collection, sale or delivery, including reasonable attorneys' fees, and after deducting such costs and expenses from the proceeds of sale or collection, the Lender shall apply any residue to the liabilities of the Guarantors who shall continue liable for any deficiency, with interest at the rate provided for in the Note.

Having been successful on appeal, plaintiff, as SASCO's successor-in-interest, sought "$19,118.57 in attorney's fees and costs directly associated with having the Appeal denied and collecting the Judgment amount from the Guarantors." This demand was initially made in a letter dated December 21, 2000 from plaintiff's counsel to defendants' counsel. When payment was refused, plaintiff initiated suit in the Law Division. It is the dismissal of that suit which is now appealed.

The problem here arises because the relevant court rules, although purporting to list those circumstances when attorney's fees may be awarded despite the general rule in this jurisdiction that each litigant pay its own fees, do not reference fees arising from contractual obligation. Thus *R.* 2:11–4 provides:

> Attorney's Fees on Appeal
>
> An application for a fee for legal services rendered on appeal shall be made by motion supported by affidavits as prescribed by R. 4:42–9(b) and (c), which shall be served and filed within 10 days after the determination of the appeal. The application shall state how much has been previously paid to or received by the attorney for legal services both in the trial and appellate courts or otherwise, including any amount received by way of pendente lite allowances, and what arrangements, if any, have been made for the payment of a fee in the future. Fees may be allowed by the appellate court in its discretion:
>
> (a) In all actions in which an award of counsel fee is permitted by R. 4:42–9(a), except appeals arising out of mortgage or tax certificate foreclosures.
>
> (b) In a worker's compensation proceeding. Where the determination of the Supreme Court reverses a denial of compensation in the Appellate Division, the Supreme Court shall determine the fees for services rendered in both appellate courts.

(c) As a sanction for violation by the opposing party of the rules for prosecution of appeals.

In its disposition of a motion or on an order of remand for further trial proceedings, where the award of counsel fees abides the event, the appellate court may refer the issue of attorney's fees for appellate services to the trial court for disposition.

And *R.* 4:42–9(a) provides in abbreviated form:

Counsel Fees

(a) Actions in Which Fee Is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except

(1) **In a family action....**

(2) **Out of a fund in court....**

(3) **In a probate action....**

(4) **In an action for the foreclosure of a mortgage....**

(5) **In an action to foreclose a tax certificate or certificates....**

(6) **In an action upon a liability or indemnity policy of insurance....**

(7) **As expressly provided by these rules with respect to any action....**

(8) **In all cases where counsel fees are permitted by statute....**

Judge Pressler's comments to *R.* 4:42–9(a), found in the current Gann publication of the *Rules Governing the Courts of the State of New Jersey,* indicate that counsel fees based upon contract may be allowed. *See* comment 2.11. Such contractual provisions have long been enforceable in this jurisdiction. *Cohen v. Fair Lawn Dairies, Inc.,* 44 *N.J.* 450, 210 *A.*2d 73 (1965). The applicability of *R.* 4:42–9(a), and thus *R.* 2:11–4, however, is a question that has not been squarely answered, *Bradford v. Kupper Associates,* 283 *N.J.Super.* 556, 587, n. 7, 662 *A.*2d 1004 (App.Div.1995), although on one occasion our Supreme Court stated that contractual attorney fees are an exception to the general rule that litigants bear their own fees which "exception to the general rule has been incorporated into Rule 4:42–9." *North Bergen Rex Transp. v. TLC,* 158 *N.J.* 561, 570, 730 *A.*2d 843 (1999). Unfortunately, the actual text of the rule does not currently reflect the Supreme Court's statement.

Under these circumstances plaintiff's confusion was understandable and excusable. While it might be argued that plaintiff should have been guided by the general rubric that fee applications are

made to the court in which the services claimed for were rendered, *Tooker v. Hartford Accident & Indem. Co.,* 136 *N.J.Super.* 572, 578, 347 *A.*2d 371 (App.Div.1975), *certif. denied,* 70 *N.J.* 137, 358 *A.*2d 184 (1976), we cannot penalize a party for failing to divine the spirit of rules that on their face seemingly speak in finite detail. Accordingly, the time limit set forth in *R.* 2:11–4 shall be relaxed and plaintiff is allowed to apply for fees within ten days of the determination of this appeal. The application shall, in all other respects, comply with the requirements of *R.* 2:11–4. Finally, we recommend that the appropriate Supreme Court committees consider clarification of the rules as they relate to contractual attorney's fees and perhaps other circumstances which may be implicit within the rules but are not specifically stated.

The dismissal of plaintiff's complaint in the Law Division is affirmed, but without prejudice to plaintiff's application to this court as herein directed.