172 N.J. Super. 324 (1980)
411 A.2d 1175
MARIE KISTLER, PLAINTIFF-APPELLANT,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1980.
Decided February 15, 1980.
*327 Before Judges LORA, ANTELL and PRESSLER.
Arthur S. Kramer argued the cause for appellant (Greenberg, Margolis and Ziegler, P.A., attorneys; Herman J. Ziegler of counsel; Marguerite M. Schaffer and Paul G. Jemas on the brief).
Linda A. Palazzolo argued the cause for respondent (Connell, Foley and Geiser, attorneys).
The opinion of the court was delivered by LORA, P.J.A.D.
Plaintiff appeals from a denial of counsel fees pursuant to R. 4:42-9(a)(6) following a declaratory judgment jury trial in which she successfully sought a determination that the automobile liability insurance policy issued to her by defendant included collision coverage and defendant was therefore liable for stipulated damages sustained by her vehicle in an accident.
The sole issue on this appeal is whether the trial judge mistakenly exercised his discretion in denying plaintiff's application for counsel fees pursuant to R. 4:42 9(a)(6) which provides that no fee for legal services shall be allowed except in an action upon a liability or indemnity policy of insurance in favor of a successful claimant.
Plaintiff, recognizing that counsel fees are not mandated in every suit on an indemnity or liability policy and that the trial judge has broad discretion relative to when and under what circumstances counsel fees may be awarded, maintains the trial judge exercised his discretion wrongfully in denying recovery on the grounds that counsel fees cannot be awarded unless the insurance company's disclaimer was made in bad faith. Defendant counters that the trial judge's discretion was properly exercised under the circumstances of the case and in light of the *328 absence of any bad faith, which is a proper consideration in determining whether or not to allow counsel fees.
In the underlying suit for coverage plaintiff claimed she had by telephone ordered an automobile liability policy with "full coverage." The application form filled out by defendant's representative noted that collision coverage was declined by plaintiff. The policy, effective November 22, 1976, was received by plaintiff on December 6, 1976. The jury trial revealed that plaintiff become aware that the policy did not include collision coverage before the accident on December 19, 1976. Additionally, the premium of $250 for collision coverage was not paid before the accident but was paid for by the court's deducting that sum from the judgment for the stipulated dollar amount of the damage to the vehicle.
It has been settled that where an insurer improperly refuses to defend, the insured can, in a subsequent action on the policy, recover, among other things, the costs, including counsel fees, incurred by him in having to provide his own defense. See Butler v. Bonner & Barnewell, Inc., 56 N.J. 567, 572 (1970). Subparagraph (a)(6) of R. 4:42 9 governing counsel fees, which was added to the rule by amendment in September 1971, expressly permits the court to allow counsel fees in favor of a successful claimant in an action upon a liability or indemnity policy. See Pressler, Current N.J. Court Rules, Comment R. 4:42-9(a)(6), where it is pointed out that while the failure to defend is the classic basis of an action on the policy, it is by no means the exclusive one, and the rule is intended to cover all such actions, including those brought by third-party beneficiaries, in which the insurer or indemnitor is found therein to have failed to comply with its contractual undertakings.
The amendment to the rule permitting allowance of counsel fees in the court's discretion in a proper case in an action upon a liability or indemnity policy of insurance was promulgated to discourage groundless disclaimers by assessing against the insurers expenses incurred by their assureds in enforcing coverage. *329 Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528 (App.Div. 1971), certif. den. 60 N.J. 141 (1972). The amended rule does not mandate the allowance of counsel fees in every action upon a liability or indemnity policy, irrespective of the circumstances, but rather authorizes an allowance in a proper case, reposing in the trial judge a discretion as to when and under what circumstances an allowance would be proper. Id. at 528. In Felicetta, a counsel fee was denied plaintiffs by the trial judge who, in the exercise of discretion, properly took cognizance of the assured's course of conduct with respect to the procurement of the policies and its effect in contributing substantially to the necessity for the litigation on the policies. Id. at 529-530. See, also, Maros v. Transamerica Ins. Co., 76 N.J. 572, 579 (1978), where, in an action by an insured's widow against his automobile insurer to recover essential service benefits payable under the "No Fault" Law, it was held that in the exercise of discretion the judge should consider, among other matters, the debatability of the statutory construction issue as well as the comparatively small amount of the claim involved; Muschette v. The Gateway Ins. Co., 149 N.J. Super. 89, 96 (App. Div. 1977), aff'd 76 N.J. 560 (1978) (holding in an insured's action against his insurer to recover benefits under personal injury protection provisions of an automobile liability policy, the trial judge did not abuse his discretion in denying the insured an award of counsel fees), and Zyck v. Hartford Ins. Group, 150 N.J. Super. 431, 435 (App.Div. 1977) (holding whether to allow counsel fees is a matter lying within the sound discretion of the trial judge in light of the surrounding circumstances, and in a suit against the insurer for income continuation benefits the trial judge did not abuse his discretion in refusing to award attorneys' fees). Cf. Corcoran v. Hartford Fire Ins. Co., 132 N.J. Super. 234 (App.Div. 1975).
It has also been held that another compelling motivation for this rule change was the desire of providing more equitably for the assured the benefits bargained for in his contract of insurance *330 without additional expense over and above the premiums paid for insurance protection, and more particularly for counsel fees to obtain the judicial determination that he, in fact, is entitled to the protection in question. N.J. Mfrs. Ins. Co. v. Consolidated, 124 N.J. Super. 598, 601-602 (Law Div. 1973); Van Houten v. N.J. Mfrs. Ins. Co., 159 N.J. Super. 208, 214 (Cty.Ct. 1978), aff'd 170 N.J. Super. 415 (App.Div. 1979). See, also, Tooker v. Hartford Acc. and Indem. Co., 136 N.J. Super. 572, 577 (App. Div. 1975) (holding the trial judge did not mistakenly exercise his discretion by awarding counsel fees and costs to plaintiff even though defendant may have had an arguable basis for denying coverage, or even though the precise issue involved may have been somewhat novel).
In view of all of the foregoing it is clear that the bona fides of one or both of the parties is just one factor which the trial judge must weigh in exercising his discretion to award or deny counsel fees. In re Arbitration Grover, 151 N.J. Super. 403, 413 (App.Div. 1977), rev'd on other grounds 80 N.J. 221 (1979); N.J. Mfrs. Ins. Co., above 124 N.J. Super. at 602.
Here the trial judge, citing to Karl v. New York Life Ins. Co., 154 N.J. Super. 182 (App.Div. 1977), which involved a suit for accidental death benefits on two life insurance policies, stated, "the spirit of the rule ... is whether the claim is made in bad faith." However, the very narrow bad faith rule which the trial judge extracted from Karl was not intended by the Karl court to be the single criterion upon which an award of counsel fees is to be determined. Rather we examined the totality of the circumstances, weighing such factors as the novelty of the asserted defense, the lack of any controlling precedent in New Jersey, the great weight of authority throughout the country supporting the position of the carrier, and the general conduct of the parties.
In the instant matter, although the trial judge misconstrued our holding in Karl, he nevertheless did, albeit briefly, consider the attendant circumstances in denying plaintiff's application *331 for counsel fees. We are satisfied that such denial does not constitute an abuse of discretion on the part of the trial judge.
While the applicability of R. 4:42 9(a)(6) to the factual situation in this case was not raised below nor in the briefs filed with this court, the issue was, pursuant to our request, argued during the oral argument of the appeal. To our mind, R. 4:42-9(a)(6) was never intended to apply to a direct monetary claim by an insured against his carrier but only to those situations in which an insured was constrained to bring suit to enforce the provisions of a liability or indemnity policy whereby the carrier was obliged to defend and indemnify. The rule refers to a policy of liability or indemnity and does not by its terms apply to direct loss by the insured, such as might be occasioned by fire, theft or collision, so as to permit a counsel fee award to an insured who brings suit against his insurer to enforce casualty-type direct coverage. Pressler, Current N.J. Court Rules, Comment R. 4:42 9(a)(6).
Mindful as we are that in Maros, supra, our Supreme Court applied the rule in respect of PIP benefits, we are of the view that there were different considerations of public policy there involved. See, also, Van Houten v. N.J. Mfrs. Ins. Co., 170 N.J. Super. 415 (App.Div. 1979). Any further extension of the rule to encompass a situation such as here involved is peculiarly within the province of the Supreme Court.
Affirmed.