177 N.J. Super. 584 (1981)
427 A.2d 135
ALPHONSO R. MILLER AND JEROME ROSENBERG, PLAINTIFFS,
v.
NEW JERSEY INSURANCE UNDERWRITING ASSOCIATION, DEFENDANT. ELIJAH NORWOOD AND THELMA NORWOOD, LILLIAN GILBERT AND MAURICE GILBERT, PLAINTIFFS,
v.
NEW JERSEY INSURANCE UNDERWRITING ASSOCIATION, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided January 16, 1981.
*586 Abraham I. Mayer for plaintiffs (Mayer & Mayer, attorneys).
Peter M. Burke for defendant (Young, Rose & Millspaugh, attorneys).
YANOFF, J.S.C. (retired and temporarily assigned on recall).
The factual backgrounds of these cases are set forth in Miller v. New Jersey Ins. Underwriters Ass'n, 82 N.J. 594 (1980), and need not be repeated. In Miller, our Supreme Court held for the first time in New Jersey that a mere possessory interest may, in some instances, be an adequate predicate to an insurable interest in realty under a fire policy. The cases were referred back to the trial division, with instructions to permit plaintiffs "to establish the value of their interests." (at 604)
The cases were tried before me without a jury. The trial resulted in verdicts in favor of plaintiffs Miller, Norwood and Norwood's mortgagee, Gilbert.[1] The successful plaintiffs now present claims for pre-judgment interest and counsel fees.
*587 The award of counsel fees to a successful litigant (where permitted at all by our rules) and the award of pre-judgment interest are governed by equitable principles. Manning Engineering, Inc. v. Hudson Cty. Park Comm'n, 71 N.J. 145 (1976), mod. on other grounds 74 N.J. 113 (1977) (pre-judgment interest); Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524 (App.Div. 1971) (counsel fees). In this regard the claims of both Norwood and Miller present little difficulty. I find that it would be inequitable to award pre-judgment interest or counsel fees to either of these plaintiffs. There are two reasons for this denial: First, the facts require the conclusion that these were cases which the insurer was well justified in litigating. Defendant was successful on motion for summary judgment, obtained a divided court in the Appellate Division and lost in the Supreme Court only because there, for the first time in New Jersey (albeit not in other jurisdictions), it was held that a possessory interest may suffice to constitute an insurable one. The evident uncertainty in the law, prior to the decision in Miller, is indicative of defendant's good faith in refusing to pay the claims of Norwood and Miller. Second, the demands of both Miller and Norwood were exorbitant compared with the litigated value of their interests.[2] The excessiveness of plaintiff's demand is a pertinent consideration in applications such as the one at hand. Manning, supra; Bak-A-Lum Corp. v. Alcoa Building Prod., 69 N.J. 123 (1976). Considered together, these factors are sufficient to tip the scales in defendant's favor, or at the very least, balance them. Equities being at best equal, pre-judgment interest and counsel fees are hereby denied Miller and Norwood.
*588 Gilbert's claim is not so easily disposed of. The mortgage clause in the fire policy which covered Gilbert as Norwood's mortgagee specifically provided:
... this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by an act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, or by any change in the title or ownership of the property....
It is plain that the policy was intended to protect the mortgagee against the contingency of foreclosure of a superior lien. If it were otherwise, the mortgagee could protect himself only by collecting and making payment for prior liens, including taxes, as some do. In this case the parties chose not to do so and so bargained. The novel question of law present in the Miller and Norwood cases is thus absent here.[3] Accordingly, I rule that Gilbert's judgment bears interest at the legal rate from 30 days after the demand for payment.
Counsel fees shall also be awarded, but it is felt that a further note in this regard should be provided, hopefully to elucidate an area of the law presently somewhat clouded. R. 4:42-9(a)(6) states, in pertinent part, that counsel fees may be allowed "In an action upon a liability or indemnity policy of insurance." Defendant argues that even if equitably allowed, counsel fees must be denied as beyond the bounds of the rule. Essentially, defendant argues that a fire policy is not a "liability or indemnity policy" within the contemplation of the rule. Defendant grounds this argument upon a recent Appellate Division case which suggests that the rule is limited to cases in which the insured seeks coverage for a third-party claim. In Kistler v. New Jersey Mfrs. Ins. Co., 172 N.J. Super. 324 (App. Div. 1980), the court said:

*589 To our mind R. 4:42-9(a)(6) was never intended to apply to a direct monetary claim by an insured against his carrier but only to those situations in which an insured was constrained to bring suit to enforce the provisions of a liability or indemnity policy whereby the carrier was obliged to defend and indemnify. The rule refers to a policy of liability or indemnity and does not by its terms apply to direct loss by the insured, such as might be occasioned by fire, theft or collision, so as to permit a counsel fee award to an insured who brings suit against his insurer to enforce casualty-type direct coverage. Pressler, Current N.J. Court Rules, Comment R. 4:42-9(a)(6). [at 331]
In the annotation cited by the court in Kistler, the following statement is found:
Since the stated intention of this rule was to permit an award of counsel fees only where an insurer refused to indemnify or defend in respect of its insured's third-party liability to another, it should not be extended, beyond its express terms, to permit a counsel fee award to be made to an insured who brings direct suit against his insurer to enforce casualty-type direct coverage. [Pressler, New Jersey Court Rules, (1980 ed.), Comment R. 4:42-9]
It is interesting to note that while the rule was promulgated in 1971, no similar qualification appears in the 1972 edition of the annotated rules. There is no holding in any Appellate Division decision, nor in any of the cited cases, which supports the limitation proffered in the annotation. Karl v. New York Life Ins. Co., 154 N.J. Super. 182 (App.Div. 1977), supports the statement only by way of dictum. Karl involved a suit on a life insurance policy, and life policies are not policies of "liability or indemnity" as required by the rule.
On the contrary, the Supreme Court in Maros v. Transamerica Ins. Co., 76 N.J. 572 (1978), seemed to consider it a foregone conclusion that R. 4:42-9(a)(6) is applicable without regard to any distinction between suits where the insured seeks first, as opposed to third-party coverage. Id. at 579. The court, in Kistler, supra, suggests that in Maros the Supreme Court was creating a special, narrow exception to the rule for suits on PIP policies. But nowhere in Maros does the court so state. To the contrary, the court in Maros cites approvingly Corcoran v. Hartford Fire Ins. Co., 132 N.J. Super. 234 (App.Div. 1975), a case in which it was held that counsel fee may be awarded in a suit by an insured for theft-loss coverage under a homeowner's policy. 76 N.J. at 579.
*590 The rule, read without the gloss in Kistler, supra, and Pressler, supra, is simple enough. The only question is whether a fire insurance policy is a "liability or indemnity policy of insurance." In this instance insured's recovery was limited to actual cash value of the loss. This is a case of property loss capable of exact measurement not governed by a schedule as in Feaster v. Old Security Life Ins. Co., 87 N.J. Super. 339 (Law Div. 1965), or a life insurance policy, as in Karl v. New York Life Ins. Co., supra. In Flint Frozen Foods, Inc. v. Firemen's Ins. Co. of N.J., 8 N.J. 606 (1952), the court said (at 610) that it is "the fundamental principle of all insurance on property that the policy is a contract of indemnity." Similarly, in 5 Appleman, Insurance Law & Practice, § 3082 at 293 (1970), it is stated: "A fire policy is generally considered a contract of indemnity."[4]
Where the carrier refuses to defend, the insured may obtain as a traditional element of damages the expense of defending. See Gerhardt v. Continental Ins. Cos., 48 N.J. 291, 300 (1966). If granting of counsel fees under the rule is restricted to this type of case, with an extension as to PIP claims, there would seem to be no reason for the enactment of the rule. The position that the rule is simply declaratory of the common law as to damages ignores the fact that basic policy considerations require payment of counsel fees to the insured, not only where the carrier refuses to defend, but where the carrier improperly refuses to pay on the policy. The intent of the rule would seem to be that a carrier should not be permitted to make use of money which is properly due to an insured while litigating the question of payment. The possibility of award of counsel fees, in addition to pre-judgment interest, serves as an additional incentive to discourage unsound denials of liability.
*591 The conclusion is that Gilbert is entitled to an allowance for counsel fees. The affidavit submitted on plaintiffs' behalf shows legal services rendered for all plaintiffs. Upon submission, with appropriate notice, of an affidavit of services attributable to Gilbert's claim, I will fix the amount. I understand that much of the work done was on behalf of all plaintiffs. There will then be a determination of how much is fairly attributable to Gilbert, as distinguished from the others.
The value of Norwood's interest was predicated upon his ownership of a right of possession equivalent to a fee simple. Since it was encumbered by a mortgage, the principal of the mortgage, plus interest thereon according to the mortgage terms, must be satisfied out of the sum allocated to Norwood, and the balance paid to Norwood.
Counsel should submit a judgment setting these amounts as well as the other terms of this decision.
NOTES
[1] At trial the factual issue as to whether plaintiff Rosenberg actually had a mortgage of any kind on the Miller premises was explored. Neither Miller nor Rosenberg were able to produce a copy of a mortgage. No mortgage was recorded, although the closing was supervised by a competent attorney who in fact did record a mortgage to Rosenberg's wife on Miller's home. Accordingly, I found as a fact that no mortgage on the business premises had been made to Rosenberg and a verdict in defendant's favor as to Rosenberg's claim was entered.
[2] Plaintiff Miller sought damages of $18,323.50 and recovered judgment for $4,500; plaintiff Norwood sought $15,000 and recovered $8,332.
[3] The insuror did not contend that there was not sufficient equity in the property to satisfy the mortgage. Such a defense would hold little likelihood of success as the property was a 2 1/2-family residence which had been rented and which produced income.
[4] It is also argued, without citation of authority, that the fact that the Gilbert complaint made no claim for counsel fees is reason for denial. I find no merit in this contention. The carrier has had ample opportunity to meet the issue, both by brief and oral argument.