189 N.J. Super. 521 (1981)
461 A.2d 162
DENNIS D. VESLEY, PLAINTIFF-RESPONDENT,
v.
CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 2, 1981.
Decided November 25, 1981.
Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.
Thomas E. Maloney, Jr., argued the cause for the appellant (Gennet & Kallman, attorneys; Harry Robinson, III, of counsel and on the brief).
*522 Thomas F. Craig, II, argued the cause for the respondent (Evans, Hand, Allabough & Amoresano, attorneys; Brian J. McGrievy, of counsel; Thomas F. Craig, II, on the brief).
PER CURIAM.
The defendant appeals from that portion of the judgment which allows to the plaintiff his counsel fees and disbursements amounting to $10,600.00 and $1,292.03, respectively, in this action to compel payment by his insurer for a fire casualty loss under a homeowner's policy issued by defendant to the plaintiff.
It is our view that R. 4:42-9(a)(6) does not authorize the allowance of a counsel fee to an insured in a direct suit brought against his insurance carrier to enforce casualty type direct coverage. We adhere to the view explicated by this court in the case of Kistler v. N.J. Mfts. Ins. Co., 172 N.J. Super. 324, 331 (App.Div. 1980):
"* * * To our mind, R. 4:42-9(a)(6) was never intended to apply to a direct monetary claim by an insured against his carrier but only to those situations in which an insured was constrained to bring suit to enforce the provisions of a liability or indemnity policy whereby the carrier was obliged to defend and indemnify. The rule refers to a policy of liability or indemnity and does not by its terms apply to direct loss by the insured, such as might be occasioned by fire, theft or collision, so as to permit a counsel fee award to an insured who brings suit against his insured to enforce casualty-type direct coverage." [Citations omitted.]
Accordingly, that portion of the order for judgment of the Law Division, dated November 5, 1979, granting judgment in favor of the plaintiff and against the defendant "for counsel fees of plaintiff's counsel" and for disbursements in the amounts of $10,600 and $1,292.03, respectively, is reversed and set aside; and the cause is remanded to the Law Division with directions to amend said order for judgment by denying plaintiff's application for judgment against defendant for counsel fees and disbursements.
FRANCIS, J.A.D., dissenting.
I respectfully dissent.
*523 I would affirm the judgment of the Law Division substantially for the reasons expressed by Judge Petrella in his oral opinion of October 19, 1979. Maros v. Transamerica Insurance Company, 76 N.J. 572, 579 (1978) is authority for the allowance of counsel fees in appropriate first party actions against insurance companies. Moreover, in Maros the Court cited with approval Corcoran v. Hartford Fire Ins. Co., 132 N.J. Super. 234, 244-245 (App.Div. 1975). In that case the action was not only a first party action, it was a casualty type insurance policy and, in my view, is indistinguishable in principle from the present action.