**Donald Robert LYONS, Appellant,**

v.

**Stephen and Karen AYALA, Appellees.**

**No. 2–85–293–CV.**

Court of Appeals of Texas,
Forth Worth.

Dec. 31, 1986.
Rehearing Denied Feb. 12, 1987.

Shannon, Gracey, Ratliff & Miller and Daniel Barrett, Fort Worth, for appellant.

Art Brender, Fort Worth, for appellees.

Before JOE SPURLOCK, II and HILL, JJ. and W.A. HUGHES, Senior J. (Retired, Sitting by Assignment).

## OPINION

HUGHES, Senior Justice (Retired).

Donald Robert Lyons, defendant in the trial court, has appealed the judgment taken against him by Stephen Ayala and wife, Karen Margaret Ayala, growing out of a personal injury case. Lyons is appealing only that part of the judgment which allowed prejudgment interest to run from a date six months after the happening of the accident out of which this case arose. It is a contention of Lyons that the judgment should have provided for prejudgment interest only until the date of June 7, 1982, when Lyons claims to have offered a settlement in excess of the damages ultimately awarded by the jury in this case.

Stephen Ayala and wife, Karen Margaret Ayala, here appeal the judgment of the trial court and ask that the case be reversed and remanded for a new trial because the jury's verdict as to their damages was against the great weight and preponderance of the evidence. We shall, for convenience, refer to Lyons as "appellant" and the Ayalas as "appellees," although both sides have actually appealed.

We affirm the judgment of the trial court in all respects.

On June 2, 1979, appellant, who was then 15 years old, drove his vehicle head-on into appellees' vehicle driven by Mr. Ayala. Mrs. Ayala and the couple's three children were passengers in the car. Mr. Ayala was treated and released for minor cuts. Mrs. Ayala, although not admitted to the hospital nor treated there on the date of the accident, subsequently developed "adhesive capsulitis" (stiff shoulder) as a result of the collision. She was off work for two consecutive weeks and as a consequence, lost over $1,000.00 in wages. The Ayalas subsequently initiated this personal injury suit against appellant.

At trial, Mrs. Ayala's doctor stated that it would be difficult to say whether her condition would be permanent. He went on to testify that once you have adhesive capsulitis due to an injury, it tends to "make you more prone to have it again." He further stated it was not unusual for the discomfort to continue on into the future and that the condition could worsen "anytime."

Mrs. Ayala testified that the experience had so frightened her that she did not drive for almost two years after the accident. She also stated that she had extreme pain for a period of time and still experiences pain and aching in the joint. She further testified that she had ceased playing sports with her children and also had to curtail her gardening and yard work activities.

On cross-examination, appellant admitted that if he had executed his turn properly there would have been no accident and the Ayalas would not have been injured.

In 1982, some three years after the accident, appellant's insurance company of-

fered $7,000.00 in settlement. Ultimately, appellant's insurance company offered $10,000.00 to settle this case. All offers were conditioned on complete and total dismissal of appellees' claims and no money was at any time ever tendered by appellant's insurance company to appellees or their counsel.

The docket sheet reflects that this case was set for trial some 18 times. Further, the uncontradicted testimony of appellees' counsel shows that each of the settings was at the request of appellees and that on each occasion appellant announced "not ready." Under The Rules of the District Courts of Tarrant County, the case can only be set every other month starting two months after the case is filed.

A jury found no negligence on the part of Mr. Ayala. They also found appellees' vehicle was totaled. In its answers to special issues, the jury found the total reasonable compensation for the personal injuries sustained by appellees to be $6,289.84. They also awarded appellees $4,000.00 for damages to appellees' vehicle. This amount was remitted to $300.00 pursuant to stipulation entered into by counsel, in open court, during trial.

The judgment signed by the trial court required payment of interest at the rate of ten percent per annum from December 2, 1979 to November 22, 1985. Thereafter, appellant filed a "Motion to Set Aside Judgment and for Entry of New Judgment," in which he urged the court to halt the accrual of prejudgment interest as of June 7, 1982, the first certain date that appellees were offered a settlement in excess of the damages ultimately awarded by the jury. Following a hearing, the trial court found the case was governed by *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). The court further found that since appellant had not put the money into escrow in making the settlement offer to appellees, he was seeking equity but had not done equity. The court then overruled appellant's motion. From that ruling appellant has prosecuted this appeal.

We will consider the points of error urged by the Ayalas in their appeal. We shall address these points even though appellees' failure to cite the record or supporting authority for their arguments do not require us to do so. *Saldana v. Garcia*, 155 Tex. 242, 285 S.W.2d 197, 200–01 (1955); *Crisp v. Southwest Bancshares Leasing Co.*, 586 S.W.2d 610, 614 (Tex.App. —Amarillo 1979, writ ref'd n.r.e.). The first such point asserts that the jury finding which awarded Mrs. Ayala $2,500.00 for physical pain and mental anguish in the past and denying her recovery for physical pain and mental anguish in the future and for physical impairment in either the past or the future, are against the great weight and preponderance of the evidence.

By point two, the Ayalas assert that the jury findings awarding Mr. Ayala $1,000.00 for physical pain and mental anguish in the past is against the great weight and preponderance of the evidence. Although we disagree with Mr. Lyons that the evidence at the trial would not support a higher award than the one found by the jury, we are constrained to overrule both points one and two as urged by the Ayalas. We are required to weigh the evidence in this case in a light favorable to Mr. Lyons, the defendant below, and we have to indulge every legitimate conclusion which is favorable to him in the light of the facts proven. We are in no position to reverse the judgment of the trial court as there are elements in the evidence which permitted the trier of fact to make the damage finding that they did. *Walker v. Mo. Pac. R.R. Co.*, 425 S.W.2d 462 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). We are not prepared to go so far as to say that the jury's verdict in this case is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952); *Continental Bus System, Inc. v. Toombs*, 325 S.W.2d 153 (Tex.Civ.App.— Fort Worth 1959, writ ref'd n.r.e.). We do not find anywhere that the Ayalas showed in this case that there was bias or prejudice amounting to an improper influence and are required to give every reasonable infer-

ence to the evidence which supports the verdict. *Allied Stores of Texas, Inc. v. McClure,* 622 S.W.2d 618 (Tex.App.—Tyler 1981, no writ).

Evidence that favored Mr. Lyons which was before the jury in this case included the feeling of Mrs. Ayala at the time of the accident that she was not hurt and did not need to be admitted to the hospital. When she was examined by x-ray, no broken bones were revealed. Nerve damage was negative by a test performed by one of the physicians. Mrs. Ayala was able to swim 25 to 30 minutes two times a day which helps to alleviate the stiffness in her shoulder. That stiffness caused her to miss work for 2 or 3 weeks after the occasion but after that the shoulder was improved to the extent that she could work. Later, when Mrs. Ayala was being waited upon by an orthopedic surgeon, she was able to do ordinary things and although her arm hurt, it only hurt in certain positions. In physical therapy, she was able to do all the exercises which were prescribed for her. She plays softball and basketball with her children, at one time twisting her ankle in the process, this being about two years before the date of the trial and well after the time of the accident here involved. Mrs. Ayala testified herself to being able to do housework and do her job and that she has not had any medical attention since 1980 for her shoulder. She has a normal range of motion and no function impairment according to the doctor who also said that the injury would not cause her pain forever. Looking at the black and white of the statement of facts which revealed that Mrs. Ayala had "adhesive capsulitis" and although her testimony about being unable to play her favorite game, which is golf, because of the pain in her shoulder as well as other pain and soreness that she has testified to, one might very well be inclined to say that the jury award for Mrs. Ayala's damages was insufficient.

We on the appellate court are privileged to look only at the black and white of the statement of facts. The jury and the trial judge not only had the words of the testi-mony before them, they also had the flesh and blood of the entities of the human beings who uttered that testimony. They were the sole judges of the credibility of the witnesses they heard and were certainly in a better position to make a judgment as to their testimony than appellate judges who have only the printed word before them.

As to Mr. Ayala's injuries, Mr. Ayala himself testified that after the accident he was treated at the hospital and stayed there about three or four hours, where he had stitches taken in his chin. X-rays revealed that no bones were broken. He missed three days of work, none of which were under doctor's orders, and he now suffers no pain from the accident nor does he suffer any physical disability. Because of the items mentioned in the evidence, we overrule points one and two.

In point three, the Ayalas assert error on the part of the trial court in denying them the right to sue directly the liability insurance carrier of the defendant, Donald Lyons, because it is contrary to the due process clause, article 1, section 19 of the Texas Constitution and the open court's provision of article 1, section 13 of the Texas Constitution. In this connection we are not prepared to overrule the Supreme Court of Texas in its long standing prohibition against direct action suits against insurance companies as provided by its ruling in *Kuntz v. Spence,* 67 S.W.2d 254 (Tex.Comm'n App.1934, holding approved); *Russell v. Hartford Cas. Ins. Co.,* 548 S.W.2d 737 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). Following these decisions, we are unable to find that the Ayalas have been denied due process as claimed in their point of error three and we overrule their point three.

In his only point of error, Mr. Lyons asserts that the trial court erred in overruling Lyons' motion to set aside judgment and for entry of new judgment because Lyons' offer of settlement in excess of the ultimate jury verdict halted the accrual of prejudgment interest on unliquidated dam-

ages. Lyons urges a refinement in the case of *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). Lyons asserts "the award of prejudgment interest to prevailing plaintiff should fairly compensate the injured, and neither reward the greedy nor penalize the rational." Lyons relies primarily upon this quotation from *Cavnar* to base his argument on this point:

In addition to achieving full compensation, awarding prejudgment interest in personal injury cases at a rate close to the market rate will also serve to expedite both settlements and trials. It will remove the current incentives for defendants to delay as long as possible without creating incentives for plaintiffs to delay.

*Id.* at 554.

Lyons urges that if prejudgment interest is allowed to accrue after the plaintiff is offered more than what was finally awarded by the jury, an incentive is created for plaintiffs to delay and that the plaintiff will not be inclined to settle if interest, compounded daily, continues to accrue. Lyons cites some cases out of other states that deny prejudgment interest where the courts consider that the plaintiffs' demands are exorbitant. These cases include *Congress Bar and Rest. v. Transamerica Ins. Co.*, 42 Wis.2d 56, 165 N.W.2d 409 (1969); *Miller v. N.J. Ins. Underwriting Ass'n*, 177 N.J.Super. 584, 427 A.2d 135 (1981). Lyons also cites some instances of states that statutorily do not allow post-offer date interest on a jury award below that offer. MICH.COMP.LAWS sec. 600.6013 (1980) and WIS.STAT. sec. 807.01 (1977).

In the present case the trial court specifically held that Lyons had not been equitable in submitting an offer without a legal tender of the sum offered. *Cavnar* makes no reference to equitable considerations in assessment of prejudgment interest and even if it had, we are inclined to agree with the trial judge that Lyons did not do equity when he did not make a tender of the sum offered. All of Lyons' cited cases require an unconditional tender of the funds offered. This was not done in

this case. Additionally, the Supreme Court of Texas has recently opined that a trial court has no discretion under *Cavnar* to lessen or increase the prejudgment interest amount for delays caused by either party, and "[a]n equitable exception to *Cavnar* is not necessary at this time." *See Matthews v. DeSoto*, 721 S.W.2d 286 (Tex.1986) (per curiam). We overrule Lyons' only point of error.

■ We decline to impose the ten percent penalty requested against Lyons because of his appealing on what the Ayalas' perceived to be a frivolous basis. We hold the action of Lyons as one seeking to clarify the law on what is new legal ground in this State.

■ We grant appellant's motion for assessment of costs. Appellant filed his motion claiming that he requested only a partial statement of facts limited to the proceedings held on his motion to set aside judgment and for entry of new judgment. Appellees objected to the partial statement of facts, requesting instead that a statement of facts of the entire trial on the merits be prepared at appellant's expense. The trial court then ordered appellant to pay for the entire statement of facts. Appellees then perfected an independent appeal consisting of three points of error and requiring for their disposition an examination of the entire record. We find that appellant properly complied with TEX.R. APP.P. 53 in limiting the scope of his appeal. Accordingly, appellees shall be required to bear the costs associated with the preparation of the record used by them in their appeal.

We affirm the judgment of the trial court.

Costs shall be assessed as follows: appellant shall pay the cost of preparing the partial statement of facts consisting of one volume dated December 30, 1985. Appellees shall pay for the costs of the statement of facts (two volumes) from the trial on the merits dated November 18–19, 1985 and the supplemental transcript. All other costs of appeal, including the main tran-

script, shall be shared equally between the two parties.