**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4810-16T3

CITIZENS UNITED RECIPROCAL
EXCHANGE,

     Plaintiff-Appellant,

v.

TARA MARTINELLI and CHRISTOPHER
BLAGG,

     Defendants-Respondents,

and

PABLO LORA-MONTERO,

     Defendant/Intervenor-
     Respondent.

_____

Argued October 1, 2018 – Decided October 10, 2018

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0874-15.

Chad B. Sponder argued the cause for appellant (Eric S. Poe, attorney; Eric S. Poe and Abbey True Harris, on the briefs).

Thomas F. Reynolds argued the cause for respondent Tara Martinelli (Reynolds & Scheffler, LLC, attorneys; Thomas F. Reynolds, on the brief).

Michael J. Mackler argued the cause for intervenor-respondent Pablo Lora-Montero (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, PC, attorneys; Michael J. Mackler, on the brief).

PER CURIAM

In this declaratory judgment lawsuit, Citizens United Reciprocal Exchange (CURE) appeals from a February 15, 2017 order entered after a bench trial. The order required that CURE provide automobile insurance coverage for damages sustained by Pablo Lora-Montero, who was involved in an accident with a vehicle owned by CURE's insured, Tara Martinelli. CURE denied coverage contending that the driver of Martinelli's vehicle, Christopher Blagg, was not a permissive user, and that Martinelli violated the New Jersey Insurance Fraud Prevention Act (FPA), N.J.S.A. 17:33A-1 to -34. CURE also appeals from a March 17, 2017 order awarding counsel fees to Lora-Montero.[1]

---

[1] The judge denied counsel fees to Martinelli.

On appeal, CURE argues that the judge's findings are not supported by the evidence in the record. CURE contends that the judge erroneously found that Blagg had permission to drive the vehicle, and that Martinelli made material misrepresentations to CURE during CURE's investigation of the accident. CURE maintains that the judge abused her discretion by awarding counsel fees – under Rule 4:42-9(a)(6) – to Lora-Montero, who CURE did not sue. Instead, he incurred his own fees by intervening in this case.

Our standard of review is settled. The findings of a trial judge after a bench trial are "considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs. Ins. Co., 65 N.J. 474, 484 (1974). We apply a de novo standard to review questions of law. In re Snellbaker, 414 N.J. Super. 26, 37-38 (App. Div. 2010). We review an award of attorney's fees under an abuse of discretion standard. Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155 (App. Div. 2016).

We affirm the judgment entered against CURE in favor of Martinelli and Blagg. And we reverse the award of counsel fees to Lora-Montero.

A-4810-16T3

# I.

We begin by addressing CURE's argument that Martinelli made misrepresentations during the investigation of the accident and otherwise violated the FPA.

"A misrepresentation, made in connection with an insurance policy, is material if, when made, 'a reasonable insurer would have considered the misrepresented fact relevant to its concerns and important in determining its course of action. In effect, materiality [is] judged according to a test of prospective reasonable relevancy.'" Palisades Safety & Ins. Ass'n v. Bastien, 175 N.J. 144, 148 (2003) (alteration in original) (quoting Longobardi v. Chubb Ins. Co., 121 N.J. 530, 542 (1990)). The standard encourages policyholders to tell the truth and entitles an insurance carrier to void a policy issued without knowledge of the misrepresentation. Id. at 148-50.

Under certain circumstances, an insurance company may invalidate a policy of insurance because of post-loss misrepresentations. In this insurance policy, CURE notified Martinelli that it would not provide coverage if she made fraudulent statements. Such a warning applies to statements made by Martinelli during CURE's investigation of the accident. See Longobardi, 121 N.J. at 539. Our Supreme Court has previously addressed the type of statements that will

A-4810-16T3

void a policy of insurance. In addition to requiring the misrepresentation be knowing and material, the Court stated:

> A mere oversight or honest mistake will not cost an insured his or her coverage; the lie must be wilful. . . . An insurer may refuse payment if an insured wilfully misrepresented material facts after a loss, even if the insured did not harbor such an intent. . . . Not every knowingly false statement made by an insured, however, will relieve an insurer of its contractual obligations. Rather, forfeiture results only when the fact misrepresented is material.
>
> . . . .
>
> Materiality should be judged as of the time when the misrepresentation is made. In hindsight, the significance of an untruth may turn out to be greater or less than expected. Hindsight, however, is irrelevant to the materiality of an insured's misrepresentation to an insurer.
>
> [Id. at 540-41 (citations omitted).]

Within ten days from the date of the accident, Martinelli told a CURE adjuster that she was friends with Blagg, and he had moved out of her apartment and was staying at a friend's house. She explained that on the morning of the accident, Blagg entered the apartment and took her keys while she was sleeping. Then, two months after the accident, she gave another statement to a CURE adjuster and said that Blagg had been her boyfriend, she suspected he used the vehicle, and he used it from "time to time."

5

The judge made the following additional findings and conclusions as to CURE's assertion that Martinelli made material misrepresentations:

> Martinelli initially told the investigator that Blagg did not stay at the apartment the night before the accident. That fact is not relevant and germane to the insurer's investigation into the accident. Whether he slept at Martinelli's house the night before the accident or came that morning and took the car is of little relevance to the investigation.
>
> Martinelli also told the investigator . . . that Blagg gained access to the house on the morning of the accident because she left her house unlocked. . . . Whether Blagg had a key or the door was unlocked is not relevant to CURE's investigation of the accident. CURE knew Blagg took the car and caused the accident.
>
> Martinelli also stated during the [post-accident] interview that she didn't think Blagg would have taken her car. Again, that fact is of no consequence to the investigation. She told the investigator that he did indeed take the car and was involved in the accident. That fact was reported to CURE immediately.
>
> Martinelli did not advise the CURE investigator during the [post-accident] interview that Blagg was a household resident and a regular user of the [vehicle]. That fact is true, but CURE has the burden in this matter and no evidence has been presented to the [c]ourt to show that CURE would not have issued Martinelli the policy if she listed Blagg as a household member. There's no evidence that Martinelli's [insurance premiums] would have been affected i[f] Blagg was listed on the policy as a household resident. Martinelli stated she doesn't know why she didn't inform CURE

6

that . . . Blagg was living [with her].  She said she just didn't think about it, and I note that when she did apply for this policy she wasn't living with Blagg . . . .  She was living with her parents at another address.

We see no reason to disturb the judge's findings, which are supported by adequate, substantial and credible evidence in the record.

We conclude that CURE's contention that Martinelli violated the FPA is without sufficient merit to warrant discussion in this opinion.  R. 2:11-3(e)(1)(E).  We note briefly, as did the judge, that Martinelli made no knowingly false or misleading material statements to CURE.  On this record, we see no basis to conclude a FPA violation occurred.

II.

We now turn to CURE's argument that the judge erred by finding Blagg had permission to use the vehicle.

The reported opinions addressing an insurer's argument that an individual operated a vehicle without the insured's permission, and the insurer therefore had no obligation to provide coverage, have applied two different analytical principles: the initial permission rule and the doctrine of implied permission. CURE argues that Blagg had neither.

Under the initial permission rule, if there is a break in the continuous use of the vehicle, the claim by the driver that he or she had initial permission to use

7

the vehicle and was therefore authorized to use it on the later occasion, must fail. <u>French v. Hernandez</u>, 184 N.J. 144, 153 (2005). Although CURE contends Blagg lacked initial permission, the judge did not make that finding. The judge found that Blagg had implied permission to drive Martinelli's vehicle.

Implied permission "may arise from 'a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection signifying consent.'" <u>Id.</u> at 154 (quoting <u>State Farm Mut. Auto. Ins. Co. v. Zurich Am. Ins. Co.</u>, 62 N.J. 155, 167 (1973)). A party may establish implied permission through circumstantial evidence. The fact-finder should "consider the surrounding circumstances in deciding whether the use of a vehicle was not contrary to the intent of its owner [or regular user]." <u>Ibid.</u> (citing <u>State Farm</u>, 62 N.J. at 168). Patterns of past permitted use "may give rise to an inference that the owner [or regular user] gave his consent to use on a subsequent occasion." <u>Ibid.</u> "Ultimately, the resolution of the issue will be fact-sensitive and depend on the totality of the circumstances." <u>Ibid.</u>

In finding that Blagg had implied permission to drive the vehicle on the day of the accident, the judge made the following findings:

> Blagg took the [vehicle] to get cigarettes . . . on numerous occasions. . . . Blagg drove the [vehicle] on three occasions prior to the accident and got . . . motor vehicle citations. Blagg used [the vehicle and another

8

car owned by Martinelli] without restrictions. Martinelli took no affirmative action to stop Blagg from driving her cars other than . . . allegedly telling [him] that he couldn't take [the vehicle,] but he seemed to take it when he wanted to.

Implied permission is essentially actual permission proven circumstantially. State Farm, 62 N.J. at 167-68. In Martinelli's second statement to CURE, she said Blagg lived with her from May 2013 to the date of the accident in November 2014. She admitted that Blagg used both of her cars. We conclude the judge applied the correct law, and there is substantial credible evidence in the record to support the judge's finding that Blagg had implied permission to use Martinelli's vehicle on the date of the accident.

III.

We now turn to the award of counsel fees, which the judge awarded under Rule 4:42-9(a)(6). A court may award counsel fees "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." R. 4:42-9(a)(6). Lora-Montero and Martinelli were successful claimants. We review the order for abuse of discretion. Abuse of discretion may be shown when the judge makes a decision without rational explanation, departs from established policies, or relies on an impermissible basis. Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002). We conclude such is the case here.

9

The judge awarded $22,520 in counsel fees to Lora-Montero. In denying counsel fees to Martinelli, the judge concluded that CURE filed this lawsuit against Martinelli and Blagg in good faith. It was for that reason that the judge denied Martinelli's fee application. Nevertheless, the judge awarded fees to intervenor Lora-Montero because the judge concluded that Lora-Montero was an innocent victim of the accident, who, during the pendency of this case, offered to waive counsel fees and settle with CURE for Martinelli's policy limit of $15,000.

CURE contends that if it acted in good faith in filing the lawsuit against Martinelli, as the judge found, then it acted in good faith as to Lora-Montero as well. CURE argues that any potential settlement with Lora-Montero depended on full resolution of the coverage issues, including whether Martinelli made material misrepresentations to CURE and whether Blagg had implied permission to drive the vehicle. CURE asserts the judge abused her discretion because it is inconsistent to say it litigated the case in good faith, and then require it to settle with Lora-Montero before the judge adjudicated the dispute.

Although Martinelli and Lora-Montero prevailed on the coverage action, counsel fees under Rule 4:42-9(a)(6) are not automatic. "The trial judge has broad discretion as to when, where and under what circumstances counsel fees

10

may be proper." Enright v. Lubow, 215 N.J. Super. 306, 313 (App. Div. 1987). Factors the court may consider include:

> (1) the insurer's good faith in refusing to pay the demands; (2) excessiveness of plaintiff's demands; (3) bona fides of one or both of the parties[;] (4) the insurer's justification in litigating the issue; (5) the insured's conduct in contributing substantially to the necessity for the litigation on the policies[;] (6) the general conduct of the parties[;] and (7) the totality of the circumstances.
>
> [Ibid. (citations omitted).]

The judge found that "CURE had a reasonable basis for disclaiming coverage" because Martinelli's statements "contributed substantially to the necessity for the litigation." The judge correctly denied Martinelli's fee application, which explains why she did not cross-appeal from that order.

Importantly, Lora-Montero incurred fees by intervening in the case. Although Lora-Montero participated in the trial as an intervenor, we conclude that Lora-Montero's status as an injured party does not change the judge's conclusion that CURE had a good faith basis to challenge whether coverage existed for the accident. This would be a different situation had the judge concluded that CURE was without a reasonable basis to file this lawsuit. Such is not the case.

A-4810-16T3

Affirmed in part; reversed in part.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION