Mari Kaye LASEWICZ

v.

JOYCE VAN LINES, INC., et al.

Civil Action No. H–10–4091.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 13, 2011.

Daniel Patrick Barton, Barton Law Firm, Ryan Keith Haun, The Mostyn Law Firm, Houston, TX, for Mari Kaye Lasewicz.

Vic Houston Henry, Katherine Johnson Knight, Henry Oddo Austin & Fletcher, P.C., Dallas, TX, for Joyce Van Lines, Inc., et al.

### ORDER

VANESSA D. GILMORE, District Judge.

Pending before the Court is Defendant Vanliner Insurance Company's Motion for Summary Judgment. (Instrument No. 13).

### I.

#### A.

Plaintiff Mari Kaye Lasewicz ("Plaintiff" or "Lasewicz") is an individual residing in Houston, Texas. (Instrument No. 13–7, at 3). She moved from Bristol, Connecticut to Houston, Texas in August of 2008. (*See*

Instrument No. 13–1, at 2; Instrument No. 13, at 1). She hired Defendant Joyce Van Lines, Inc. ("Joyce Van Lines"), a moving company, to move her household goods. (*See* Instrument No. 13–1, at 2; Instrument No. 13, at 1). Plaintiff alleges that her goods were damaged and went missing during the move. (Instrument No. 1–1, at 3).

Defendant Vanliner ("Defendant" or "Vanliner") is the insurance company for Joyce Van Lines, Inc. (*See* Instrument No. 13–6; Instrument No. 13, at 1). Plaintiff's claims against Defendant Vanliner Insurance Company ("Defendant" or "Vanliner") include breach of contract; violations of the Texas Insurance Code regarding unfair settlement practices and prompt payment of claims; breach of the duty of good faith and fair dealing; and fraud. (Instrument No. 1–1, at 6–9). Defendant Vanliner now moves for summary judgment on all of Plaintiff's claims against it. (Instrument No. 13, at 9).

Plaintiff's contract with Joyce Van Lines is contained in a Bill of Lading that she signed on August 12, 2008. (Instrument No. 13–1). On the first page, the Bill of Lading contains a section addressing Joyce Van Line's level of liability for her goods. The heading for the section states: "**CUSTOMER'S DECLARATION OF VALUE ... THIS IS A TARIFF LEVEL OF CARRIER LIABILITY—IT IS NOT INSURANCE.**" (Instrument No. 13–1, at 2) (emphasis in original). Underneath this heading, the Bill of Lading provides Plaintiff with two options for selecting Joyce Van Lines's level of liability for her goods. Under the first option, called the "Full (Replacement) Value level of liability," Joyce Van Lines would be liable for the greater of $5000, $4.90 per pound multiplied by the actual weight of the shipment, or the value listed by Plaintiff. Under the second option, called the "Alternative Lev-

el of Liability," Joyce Van Lines would be liable for only 60 cents per pound multiplied by the weight of her shipment. (Instrument No. 13–1, at 2). Plaintiff selected the first "Full (Replacement) Value" option. She listed the value of her shipment to be $75,000, and selected a $500 deductible. (Instrument No. 13–1, at 2).

Beneath the provisions describing the "Full (Replacement) Value" and "Alternative" level of liability options, the Bill of Lading states:

> **Your signature is REQUIRED here:** I acknowledge that for my shipment I have 1) either waived the Full (Replacement) Value of liability OR declared a value under the Full (Replacement) Level of liability and selected a deductible amount, if appropriate, and 2) received and read a copy of "Your Rights and Responsibilities When You Move" brochure explaining these provisions.

(Instrument No. 13–1, at 2). Plaintiff signed in the signature space below this statement. (Instrument No. 13–1, at 2).

Defendant has provided a copy of the "Your Rights and Responsibilities When You Move" brochure referred to in the Bill of Lading. The brochure states that the "Full (Replacement) Value" and "Alternative" level of liability options "**are not insurance agreements** ... but instead are contractual tariff levels of liability authorized under Release Rates Orders of the Surface Transportation Board of the U.S. Department of Transportation." (Instrument No. 13–3, at 6). The brochure also states that in addition to these options

> some movers may also offer to sell, or procure for you, separate liability insurance from a third-party insurance company ... [i]f you purchase liability insurance from, or through your mover, the mover is required to issue a policy or other written record of the purchase and to provide you with a copy of the

policy or other document at the time of purchase. (Instrument No. 13–3, at 6–7).

Defendant asserts that it never issued an insurance policy to Plaintiff. (Instrument No. 13, at 7). Defendant's custodian of records, an underwriting supervisor named Lisa Pryor, searched Defendant's records for an insurance policy purchased by Plaintiff from Defendant. (Instrument No. 13–2). Pryor did not find any insurance policies purchased by Plaintiff. (Instrument No. 13–2).

## B.

Plaintiff filed her complaint in the 295th Court of Harris County, Texas on August 12, 2010. (Instrument No. 1–1). Plaintiff brings claims against two defendants, Defendant Vanliner Insurance Company and Defendant Joyce Van Lines, Inc. (Instrument No. 1–1, at 3–11). With respect to Defendant Vanliner Insurance Company, Plaintiff alleges breach of contract; violations of the Texas Insurance Code regarding unfair settlement practices and prompt payment of claims; breach of the duty of good faith and fair dealing; and fraud. (Instrument No. 1–1, at 6–9). With respect to Defendant Joyce Van Lines, Inc., Plaintiff alleges violations of the Texas Deceptive Trade Practices Act; breach of contract; negligence; breach of warranties; and bailment and conversion. (Instrument No. 1, at 3–6). Plaintiff seeks damages, attorney's fees, costs, pre- and post-judgment interest, and any other relief to which she is entitled. (Instrument No. 1–1, at 11).

Defendant Vanliner Insurance Company ("Defendant" or "Vanliner") filed its answer in the 295th Court of Harris County, Texas on October 22, 2010. (Instrument No. 1–2). Defendant generally denies Plaintiff's allegations, denies that it is liable in the capacity in which it is sued, and denies that it was a party to any contract with Plaintiff. (Instrument No. 1–2, at 1–2). Defendant also asserts that it is not a proper party defendant. (Instrument No. 1–2, at 2).

Defendant Joyce Van Lines, Inc. has not been served, and has not made an appearance in the case. (*See* Instrument No. 1, at 2). Defendant Vanliner removed the case to this Court on October 25, 2010. (Instrument No. 1).

Defendant Vanliner filed its motion for summary judgment on November 14, 2011. (Instrument No. 13). Defendant argues that Plaintiff's claim for breach of contract fails because there is no contract between them. (Instrument No. 13, at 6). Defendant also argues that it owes no legal duty to Plaintiff. (Instrument No. 13, at 9). Finally, Defendant argues that Plaintiff may not bring claims under the Texas Insurance Code against Defendant, because third-party claimants lack standing to sue insurance companies under the Texas Insurance Code. (Instrument No. 13, at 8–9). Defendant does not address Plaintiff's claims for fraud or breach of the duty of good faith and fair dealing. Nonetheless, Defendant argues that it is entitled to summary judgment on all of Plaintiff's claims. (Instrument No. 13, at 9).

Plaintiff has not filed a response to Defendant's motion for summary judgment.

## II.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also U.S. v. Arron,* 954 F.2d

249, 251 (5th Cir.1992). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. If the evidence rebutting the motion for summary judgment is only colorable or is not significantly probative, summary judgment should be granted. *See Id.* at 2511; *see also Thomas v. Barton Lodge II, Ltd.,* 174 F.3d 636, 644 (5th Cir.1999). The summary judgment procedure, therefore, enables a party "who believes there is no genuine issue as to a specific fact essential to the other side's case to demand at least one sworn averment of that [specific] fact before the lengthy process continues." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 886–88, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

Under Rule 56(c), the moving party bears the initial burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial and of identifying those portions of the record that demonstrate such absence. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Burge v. Parish of St. Tammany,* 187 F.3d 452, 464 (5th Cir.1999).

Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward 'with specific facts showing that there is a *genuine issue for trial.*' " *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. 1348 (quoting Fed. R. C iv. P. 56(e)) (emphasis in original). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Engstrom v. First Nat'l Bank,* 47 F.3d 1459, 1462 (5th Cir.1995). To sustain the burden, the nonmoving party must produce evidence admissible at trial. *See*

*Anderson,* 477 U.S. at 242, 106 S.Ct. 2505; *see also Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992) (stating that "[t]o avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue."). Further, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgement." *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998) (citing *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir.1992)).

The Court reviews the facts in the light most favorable to the nonmovant and draws all reasonable inferences in favor of the nonmovant. *See Brown v. Bunge Corp.,* 207 F.3d 776, 781 (5th Cir.2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

Summary judgment may not be awarded by default because the non-moving party fails to respond. *Resolution Trust Corp. v. Starkey,* 41 F.3d 1018, 1022–23 (5th Cir.1995); *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). The district court may, however, accept as undisputed the facts listed in support of the unopposed motion for summary judgment. *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir.1988). It is not the task of the district court "to scour the record in search of a genuine issue of triable fact." *Richards v. Combined Insurance Company of America,* 55 F.3d 247, 251 (7th Cir. 1995); *see also Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the

precise manner in which the evidence supports his or her claim"). Rather, it is the burden of the party responding to the motion "to identify with reasonable particularity the evidence that precludes summary judgment." *Richards*, 55 F.3d at 251.

It is well settled that a district court can grant summary judgment sua sponte so long as the adverse party had adequate notice to come forward with all of its evidence. *J.D. Fields & Co., Inc. v. U.S. Steel Intern., Inc.*, 426 Fed.Appx. 271, 281 (5th Cir.2011). "After giving notice and a reasonable time to respond, the court may ... grant the [summary] motion on grounds not raised by a party." Fed. R.Civ.P.56. If a district court does not give notice of its intent to rule, the initial procedural error may be harmless if the party opposing the motion for summary judgment is given the opportunity to present its evidence in a motion for reconsideration. *See J.D. Fields & Co.*, 426 Fed. Appx. at 281.

### III.

Plaintiff alleges a breach of contract claim against Defendant, as well as claims for breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code regarding unfair settlement practices and prompt payment of claims, and fraud. (Instrument No. 1–1, at 6–9). Defendant argues that Plaintiff cannot establish any of its claims. Plaintiff has not filed a response.

### A.

Plaintiff alleges that Defendant breached the insurance contract between them. (Instrument No. 1–1, at 6). However, Defendant argues that there was no breach because there was no insurance contract between them. (Instrument No. 13, at 7).

The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach. *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 758 (Tex.App.-El Paso 2000, no pet.). The following elements are required for the formation of a binding contract: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Wal–Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 555–56 (Tex.App.-Houston [14th Dist.] 2002, no pet).

Here, the only contract in the record is the Bill of Lading between Plaintiff and Joyce Van Lines, rather than Plaintiff and Defendant. Furthermore, the Bill of Lading is not an insurance contract. In the Bill of Lading, Plaintiff purchased a level of liability from Joyce Van Lines worth up to $75,000, after the application of a $500 deductible. (Instrument No. 13–2). The Bill of Lading, and the "Your Rights and Responsibilities When You Move" brochure referenced in the Bill of Lading both state that Plaintiff's agreement to purchase this level of liability was not an insurance agreement. (Instrument No. 13–2; Instrument No. 13–3, at 6). Finally, Defendant's custodian of records has testified that Defendant does not have an insurance contract with Plaintiff. (Instrument No. 13–2).

Plaintiff's breach of contract claim fails because there is no valid contract between Plaintiff and Defendant. *See Abraxas Petroleum Corp.*, 20 S.W.3d at 758. The record does not contain an insurance contract, or any other kind of contract between Plaintiff and Defendant. Further-

more, there is no evidence of an offer, acceptance, meeting of the minds, consent to the terms of a contract, or execution and delivery of the contract. *See Wal–Mart Stores, Inc.*, 93 S.W.3d at 555–56 (Tex.App.-Houston [14th Dist.] 2002, no pet). Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's breach of contract claim.

**B.**

Plaintiff also alleges that Defendant violated Subsection (a) of Section 541.060 of the Texas Insurance Code, which deals with unfair settlement practices. (Instrument No. 1–1, at 7–8). In addition, Plaintiff alleges that Defendant violated Sections 542.055, 542.056 and 542.058 of the Texas Insurance Code, all of which deal with prompt payment of claims. (Instrument No. 1–1, at 8). However, Defendant argues that Plaintiff may not bring these claims because she is a third-party claimant. (Instrument No. 13, at 8–9).

■ Section 541.060(b) of the Texas Insurance Code states: "Subsection (a) does not provide a cause of action to a third party asserting one or more claims against an insured covered under a liability insurance policy." Tex. Ins. Code § 541.060(b). In addition, where the injured party is not party to the insurance policy, there is a long standing prohibition against allowing the injured party to sue the insurance company. *Lyons v. Ayala*, 723 S.W.2d 254, 257 (Tex.App.-Fort Worth, 1986, no writ). Third-party claimants lack standing to assert direct claims against an insurance company for violations of the unfair or deceptive acts or practices provisions of the Texas Insurance Code. *See Caplinger v. Allstate Ins. Co.*, 140 S.W.3d 927, 931 (Tex.App.-Dallas, 2004, pet.denied). Third-party claimants also lack standing to assert a cause of action for

negligent mishandling of an insurance claim because such claim belongs only to the insured. *See Whatley v. City of Dallas*, 758 S.W.2d 301, 307 (Tex.App.-Dallas 1988, writ denied).

■ Here, as Defendant argues, Plaintiff is a third-party claimant. There is an insurance policy between Joyce Van Lines and Defendant, but not Plaintiff and Defendant. In accordance with Section 541.060(b) of the Texas Insurance Code and the above case law, Plaintiff's claims under the Texas Insurance Code are therefore prohibited. Defendant's Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's claims under the Texas Insurance Code.

**C.**

Finally, Plaintiff alleges that Defendant's conduct constitutes a breach of the duty and good faith and fair dealing owed to the insured in insurance contracts, and that Defendant is liable to her for common law fraud. (Instrument No. 1–1, at 9). In its summary judgment motion, Defendant does not specifically address these claims. However, Defendant argues that it did not have any duty towards Plaintiff. (Instrument No. 13, at 9). Defendant also argues that it is entitled to summary judgment on "all Plaintiff's claims." (Instrument No. 13, at 9).

The Court will address Plaintiff's claims for breach of the duty and good faith and fair dealing and fraud despite the fact that Defendant has not explicitly done so in its summary judgment motion. *See J.D. Fields & Co.*, 426 Fed.Appx. at 281 ("It is well settled that a district court can grant summary judgment sua sponte so long as the adverse party had adequate notice to come forward with all of its evidence."). Although the Plaintiff has not addressed the claims in the motion for summary

judgment, the Court will grant leave to seek reconsideration on the claims addressed by the Court sua sponte. *See* Fed.R.Civ.P. 56 ("After giving notice and a reasonable time to respond, the court may ... grant the [summary] motion on grounds not raised by a party."); *J.D. Fields & Co.*, 426 Fed.Appx. at 281 (If a district court does not give notice of its intent to rule, the initial procedural error may be harmless if the party opposing the motion for summary judgment is given the opportunity to present its evidence in a motion for reconsideration.).

 A claim for breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract. *Saucedo v. Horner*, 329 S.W.3d 825, 831 (Tex.App.-El Paso, 2010). However, not every contractual relationship creates a duty of good faith and fair dealing. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex.2000). A special relationship has been found to exist in the insurance context because of "the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Id.*, quoting *Arnold v. National County Mutual Fire Insurance Company*, 725 S.W.2d 165, 167 (Tex.1987).

 At common law, fraud refers to "an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage." *Vela v. Marywood*, 17 S.W.3d 750, 760 (Tex.App.-Austin 2000, pet. denied). A "legal duty" may arise from several sources, including moral, social, domestic, or purely personal relationships—relationships where "the law demands of one party an unusually high standard of ethical or moral conduct with

reference to another." *Jones v. Texas Dept. of Protective and Regulatory Servs.*, 85 S.W.3d 483, 491–92 (Tex.App.-Austin, 2002) (citing *Chien v. Chen*, 759 S.W.2d 484, 494 n. 6 (Tex.App.-Austin 1988, no writ)). A false representation of a past or present material fact, when one has a duty to speak the truth, is a frequent ground for recovery in fraud when another relies on the representation to her detriment, even in an ordinary arms-length transaction where only the ethics of the marketplace apply. *Vela*, 17 S.W.3d at 761.

 As previously discussed, there is no insurance contract between Plaintiff and Defendant. Accordingly, there is no duty of good faith and fair dealing arising from an insurance contract. Furthermore, there is no evidence of any other kind of relationship between Plaintiff and Defendant that might give rise to a legal duty that would serve as the basis for Plaintiff's fraud claim. Plaintiff's claims for breach of the duty of good faith and fair dealing, and for fraud therefore both fail. Accordingly, Summary Judgment is **GRANTED** sua sponte with respect to Plaintiff's claims for breach of the duty of good faith and fair dealing, and fraud.

## IV.

For the foregoing reasons, Defendant Vanliner Insurance Company's motion for summary judgment is **GRANTED.** (**Instrument No. 13**). Additionally, Plaintiff's claims against the unserved Defendant Joyce Van Lines, Inc. are **DISMISSED** for want of prosecution. *See* Fed.R.Civ.P. Rule 4(m). This case is **DISMISSED.**

The Clerk shall enter this Order and provide a copy to all parties.